UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
STEPHEN VELA,

                               Plaintiff,

                -against-

CITY OF NEW YORK and POLICE OFFICER
PATRICK BYRNE, Shield No. 15449,

                               Defendants.
------------------------------------------------------------X

AMENDED COMPLAINT
(Jury Trial Demanded)

13 Civ. 8325 (JMF)

RECEIVED
JAN 13 2014
U.S.D.C. S.D.N.Y.
CASHIERS

        Plaintiff Stephen Vela, by his attorney Scott A. Korenbaum, Esq., for his Amended Complaint, alleges as follows:

### Preliminary Statement

        1.     Plaintiff Stephen Vela brings this action pursuant to 42 U.S.C. § 1983 to redress the deprivation of his federal constitutional rights. On the morning of February 6, 2012, at approximately 1:15 a.m., Police Officer Patrick Byrne, a member of the Police Department of the City of New York (the "Department"), subjected him to excessive force during the course of his arrest.

### JURISDICTION AND VENUE

        2.     Pursuant to 28 U.S.C. §§ 1331 and 1343, jurisdiction is proper as plaintiff's claims arise under federal law. Pursuant to 28 U.S.C. § 1367, jurisdiction is proper as to his claim arising under the common law of the State of New York.

        3.     Pursuant to 28 U.S.C. § 1391(b), venue is proper as the acts complained of occurred in the State of New York, County of New York.

### PARTIES

        4.     Mr. Vela is a resident of the State of New York, County of New York. At the

times of the incident complained of, he resided at 142 West 44th Street, Apt. 52 (the "Apartment").

5. Defendant Police Officer Patrick Byrne, Shield No. 15449, was, at all times relevant herein, a member of the Department. Upon information and belief, at all times relevant herein, he was assigned to the Midtown South Precinct.

6. Upon information and belief, defendant Byrne is still a member of the Department. At all times relevant herein, he was acting within the scope of his employment and under color of law.

7. Defendant City of New York is a municipal corporation organized pursuant to the laws of the State of New York. It has all the powers vested in it by the laws of the State of New York, the City of New York and the Charter of the City of New York. At all times relevant herein, it was the employer of defendant Byrne.

## ADMINISTRATIVE PREREQUISITES

8. On May 4, 2012, Mr. Vela served a timely Notice of Claim with defendant City of New York in the Office of the City Comptroller, in accordance with the General Municipal Law, concerning the facts underlying Mr. Garcia's arrest and the force used against him.

9. At least thirty days have elapsed since the Notice of Claim was filed and adjustment or payment thereof has been neglected or refused. Mr. Vela commenced an action in the Civil Court of the City of New York, County of New York (*Vela v. City of New York*, CV-011205-13) on May 6, 2013 (the "*Vela* Action"), within one year and 90 days from the date of the occurrences alleged herein, as required under Section 50-i of the General Municipal Law.

10. In the Vela Action, which is still pending, Mr. Vela alleged that he was assaulted by a member of the NYPD, *i.e.*, defendant Byrne.

## FACTS

11. On February 5, 2012, Mr. Vela and his girlfriend, Taylor Sarsfield, went to his friend's home to watch the New York Giants play the New England Patriots in the Super Bowl. Following the Giants' victory, Mr. Vela and Ms. Sarsfield returned to the Apartment.

12. At approximately 12:30 a.m., on February 6, 2012, Mr. Vela and Ms. Sarsfield got into an argument. In response, Ms. Sarsfield called 911 and reported that Mr. Vela had hit her, even though he had not.

13. At approximately 1:00 a.m., defendant Byrne and police officer Lee Fiero responded to the Apartment where they were met by Ms. Sarsfield, who was standing outside the building. At the time of their arrival, Mr. Vela was inside the Apartment.

14. Defendant Byrne and Officer Fiero used the building intercom system to request permission to speak with Mr. Vela. Mr. Vela buzzed them inside. Ms. Sarsfield accompanied them upstairs via the building's elevator.

15. Upon Byrne's and Officer Fiero's arrival, Mr. Vela opened the door. The officers immediately threw Mr. Vela into the Apartment's hallway wall and ultimately onto the living room floor.

16. While Mr. Vela was face down on the living room floor, defendant Byrne and Officer Fiero placed Mr. Vela's hands behind his back and handcuffed him. They then ordered Mr. Vela to sit in a chair in the living room. He complied.

17. Approximately five minutes later, Mr. Vela asked Byrne if he could have one of his (Vela's) cigarettes. After receiving no response, Mr. Vela stood up and began to walk towards his cigarettes, which were on top of his desk.

18. Simultaneously, Byrne told Mr. Vela he could not have a cigarette, and ordered

him to sit down. As Mr. Vela was shuffling back to the chair, he muttered under his breath. In response, Byrne punched him in the area of his mouth and jaw, causing his (Vela's) head to hit against the wall.

19. As a result of Bryne's actions, Mr. Vela's sustained a laceration to his lip and a concussion.

20. At no time did Mr. Vela engage in any conduct that justified the defendants' use of force.

21. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff requests a trial by jury.

### FIRST CLAIM FOR RELIEF
(42 U.S.C. § 1983–Excessive Force)

22. Plaintiff Stephen Vela repeats and realleges the allegations contained in paragraphs 1 through 21, as if fully set forth herein.

23. On February 6, 2012, defendant Byrne was involved in the arrest of Mr. Vela. In effectuating his arrest, he used more force than was necessary.

24. As the behavior of Mr. Vela provided no justification for his conduct, the defendant's actions were unreasonable within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution.

25. As a result of defendant's conduct, Mr. Vela was injured.

### SECOND CLAIM FOR RELIEF
(State Law – Battery)

26. Plaintiff Stephen Vela repeats and realleges the allegations contained in paragraphs 1 through 25, as if fully set forth herein.

27. On February 6, 2012, defendant Byrne intentionally and without legal

justification struck Mr. Vela in a harmful and offensive manner.

28. Mr. Vela did not consent or authorize defendant Byrne to touch him this way.

29. The individual defendant was an agent of defendant City of New York and was at all relevant times acting within the scope of his employment.

30. As a result of the individual defendant's conduct, Mr. Vela was injured.

31. As the employer of the individual defendant, defendant City of New York is responsible for the injuries Mr. Vela suffered as a result of the conduct of defendant Byrne pursuant to the doctrine of *respondeat superior*.

### THIRD CLAIM FOR RELIEF
(42 U.S.C. § 1983 – *Monell* Liability)

32. Plaintiff Stephen Vela repeats and realleges the allegations contained in paragraphs 1 through 31, as if fully set forth herein.

33. At all times material to this complaint, defendant City of New York had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

34. At all times material to this complaint, defendant City of New York failed to properly train, screen, supervise, or discipline its employees and police officers, including defendant Byrne, and failed to inform the individual defendant's supervisors of their need to train, screen, supervise or discipline defendant Byrne.

35. The policies, practices, customs, and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of Mr. Vela's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its

Fourth and Fourteenth Amendments.

36. As a result of the foregoing, Mr. Vela was injured.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Mr. Vela prays for the following relief:

(a) compensatory damages in an amount to be determined at trial;

(b) punitive damages in an amount to be determined at trial;

(c) reasonable attorneys' fees;

(d) costs and expenses; and

(e) such other and further relief as is just and proper.

Dated: New York, New York
       January 13, 2014

                              SCOTT A. KORENBAUM, ESQ.
                              Attorney for Plaintiff
                              11 Park Place, Suite 914
                              New York, New York 10007
                              (212) 587-0018

By: _____
       Scott A. Korenbaum